**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                    No. 02-7005

ANTHONY JOHNSON,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-95-149, CA-02-144-1)

Submitted: May 29, 2003

Decided: June 5, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Anthony Johnson, Appellant Pro Se. Sandra Jane Hairston, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Johnson appeals the district court's order accepting a magistrate judge's recommendation to construe Johnson's Fed. R. Civ. P. 60(b) motion as a second or successive motion under 28 U.S.C. § 2255 (2000), and dismiss the motion, and the district court's subsequent order denying his motion to alter or amend the judgment. This court may grant a certificate of appealability only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). When, as here, a district court dismisses a § 2255 motion on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), *cert. denied*, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that Johnson has not made the requisite showing. *See Miller-El v. Cockrell*, 123 S. Ct. 1029 (2003).

We must construe Johnson's notice of appeal and informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. § 2255. *See United States v. Winestock*, __ F.3d __, 2003 WL 1949822, at *7 (4th Cir. Apr. 25, 2003). In order to obtain authorization to file a second motion to vacate, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Johnson's claims do not satisfy either of these conditions. Therefore, we decline to authorize Johnson to file a successive § 2255 application.

We deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

*DISMISSED*